# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-10595
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALVARO PARDO-LUENGAS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-64-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Alvaro Pardo-Luengas (Pardo) appeals the 60-month sentence imposed following his guilty plea conviction of illegal reentry after deportation. Pardo argues that the district court erred by imposing an upward variance from the guidelines sentencing range of 30-37 months of imprisonment without calculating a departure under U.S.S.G. § 4A1.3. He contends that this was procedurally unreasonable. Pardo also asserts that the sentence imposed was substantively unreasonable because the district did not calculate the correct guidelines range, given the omission of the § 4A1.3 departure; too much weight

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was given to his prior DWI offense and the perception that he had received a light sentence for it, as well as for his prior theft offenses; and, consequently, the district court erred in balancing the sentencing factors under 18 U.S.C. § 3553(a).

Because the district court imposed a sentence variance, rather than a departure, § 4A1.3 was inapplicable. See United States v. Mejia-Huerta, 480 F.3d 713, 723 (5th Cir. 2007), cert. denied, 128 S. Ct. 2954 (2008). As in Mejia-Huerta, 480 F.3d at 723, the district court's decision to impose a variance was not based solely on the underrepresentation of Pardo's criminal history. Rather, the district court pointed to Pardo's recidivism; the need to deter him and to protect the public, as well as to promote respect for the law; the nature and characteristics of the offense; and Pardo's history and characteristics. These findings are supported by the record, and there is no indication that the district court's decision was based disproportionately on Pardo's prior DWI offense. Thus, Pardo has not shown that the sentence imposed was unreasonable. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005).

Pardo argues that the district court erred under FED. R. CRIM. P. 32 and Burns v. United States, 501 U.S. 129 (1991), by not providing advance notice of its consideration of a sentence variance. He concedes that this issue is foreclosed by our decision in Mejia-Huerta, 480 F.3d at 723. Additionally, the Supreme Court recently confirmed that such notice is not required. Irizarry v. United States, 128 S. Ct. 2198, 2202-04 (2008).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Pardo challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v.

Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.